GUÁNICA CENTRALE, PLAINTIFF AND APPELLEE, *v.* COLBERG ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in an Action for Performance of Contract and Injunction.

No. 1925.—Decided July 15, 1919.

CONTRACT—OPTION TO EXTEND—RENEWAL OF CONTRACT—NOTICE.—In the year 1910 the Guánica Centrale and Vicente Trelles entered into a contract for the sale of sugar-cane, etc., to terminate on July 1, 1915, it being stipulated that the contract, which was recorded in the Registry of Agricultural Contracts, could be extended for five years more at the option of the Centrale, it being sufficient that before its termination the Centrale notify the other party of its intention to extend the contract. Trelles sold the properties to appellant on June 2, 1914, without notice to the corporation of such sale. The appellant admits that Trelles was notified by the Centrale before the termination of the contract of its intention to extend it. *Held:* That the contract being a personal one between Guánica Centrale and Trelles, the notice received by him had the effect of renewing the contract.

ID.—VARIANCE—NOTICE—PREJUDICE.—The intention of section 136 of the Code of Civil Procedure is that unless there is a very substantial variance between the pleadings and the evidence the materiality of or the prejudice arising from the variance should be shown, and a notice of a different date from the date stated in the complaint is not prejudicial if given before the termination of the contract.

ID.—CONSIDERATION.—The same consideration may make several obligations binding upon the party opposite to the one from whom the consideration moves.

APPEAL—ASSIGNMENT OF ERROR.—When no specific assignment of error is made on a particular ground, any doubt existing as to such question should be decided against appellant.

The facts are stated in the opinion.

*Mr. F. Manuel Toro* for the appellee.

*Mr. José Sabater* for the appellants.

MR. JUSTICE WOLF delivered the opinion of the court.

The suit here was one to enjoin the defendants from selling to other centrals and for other purposes. It is conceded that a notice of renewal of an agricultural contract reached the planter Trelles with whom the contract was made before the expiration of the contract, such notice being delivered on or about January 1, 1915, and the original contract expiring on July 1, 1915. The complaint recited that the notice was delivered in January, 1915, but, curiously enough, at the trial a notice bearing date June, 1914, was introduced in evidence by complainant without objection made by the defendant and appellant. If this notice was actually delivered in June, 1914, then the appellant, who bought from Trelles shortly after that date and knew of the contract, might be said to have taken the land subject to the covenant duly recorded in the registry of agricultural contracts. No point is made, supposing the covenant to be binding on the original planter, that the record was not effective to bind third persons who bought during the pendency of the original agricultural contract. There was a variance at the trial and the question arises, was it material?

No assignment of error is made distinctly on this ground so that any doubt should be resolved against the appellant. Was the appellant misled to his prejudice? He filed a motion for a new trial on that ground and the order of the court denying such motion is appealed from as well as the judgment. The court below made a finding that the appellant knew of the existence of the contract. At the trial parties must be alert to make their objections and the admission of this earlier notice was consented to by the appellant. As appellant knew of the existence of this covenant for renewal, if the complainant could prove an earlier notice he could have amended his complaint to conform to the proof. It may be said that the proximate cause of the alleged prejudice is the failure of appellant, as alleged, to observe that the

letter containing the notice bore date of June, 1914, instead of January, 1915. The affidavits in the motion for a new trial denied the receipt of notice. The appellant merely remotely suggests but does not show bad faith in the appellee.

If appellant would have been bound by a due notice in June, 1914, and such a notice was offered in evidence, such a variance would not have been material under the provision of section 136 of the Code of Civil Procedure, as follows:

"No variance between the allegation in a pleading and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it appears that the party has been so misled, the court may order the pleading to be amended, upon such terms as may be just."

It is the evident intention of that section that unless there is a very substantial difference between the *allegata* and *probata,* the materiality of a variance must be shown at the trial. The appellant was buying subject to the possibilities of a previous notice of renewal. A notice made to him personally before the expiration of the contract, supposing purchasers to be bound by the record, would have been effective to extend the terms of the contract.

Furthermore, it is conceded that the notice was made in January, 1915. The evidence does not show that the appellee was notified of the sale from Trelles, the original planter, to Colberg, the appellant, although there were later dealings between Colberg and the Centrale. The contract was personal as to the notice between Guánica and Trelles and a notice to Trelles within the term renewed the contract, always supposing that Colberg bought subject to the contract, a point not raised in the case, the appellant limiting himself to urging that the option was not binding.

The appellant maintains that as under the terms of the contract the notice was not obligatory on Trelles, it was hence not binding on Colberg. The specific clause reads as follows:

"The present contract of purchase and sale of sugar cane shall be liable to be extended at the option and will of the purchaser corporation to five more years which beginning on July 1915 shall expire June 30, 1920, it being understood to be sufficient to carry such extension into effect that the Centrale send notice by letter to the seller before June 30, 1915, from which date 'the extension shall be binding on both parties without executing a new instrument."

This is a very familiar form of contracts of lease and other obligations, as appellee shows by copious citations of cases. It is the law that the same consideration may make several undertakings binding on the party opposite to the one from whom the consideration flows.

The conclusion to affirm this judgment is supported, furthermore, by the fact, as found by the court, that the appellant dealt with the corporation for a year after the extension, just as if he were the mere continuation of the planter Trelles.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.